# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

**CHARLES N. HODGE**                                                    **PETITIONER**
**Reg #12114-074**

**VS.**                          **CASE NO.: 2:14CV00106 DPM/BD**

**C.V. RIVERA, Warden,**
**Federal Correctional Complex,**
**Forrest City, Arkansas**                                          **RESPONDENT**

## RECOMMENDED DISPOSITION

### I.    Procedures for Filing Objections

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge D.P. Marshall Jr.  Either party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Marshall can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:
    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## II.   <u>Background</u>

Petitioner Charles N. Hodge, an inmate in the Federal Correctional Institution in Forrest City, Arkansas, brings this 28 U.S.C. § 2241 petition for writ of habeas corpus (docket entry #1), challenging the Bureau of Prisons' ("BOP") execution of his sentence. Warden C.V. Rivera has responded to the petition.  (#6)

On January 30, 2006, Mr. Hodge pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One), and attempting to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) (Count Four).  *Hodge v. United States*, 4:06-CV-52, 2008 WL 4980888 (E.D. Tenn. Nov. 24, 2008).  Mr. Hodge was sentenced to serve a total of 160 months in the BOP – 120 months for Count 1 and 160 months for Count 4, with the sentences to run concurrently.  *Id.*  He is now serving his sentence in the Federal Correctional Institution in Forrest City, Arkansas.

On September 25, 2006, Mr. Hodge filed a petition to vacate his sentences with the Tennessee district court that sentenced him, under 28 U.S.C. § 2255.  *Id.*  The sentencing court denied the petition.  *Id.*  On February 13, 2012, he filed a second § 2255 petition, which the district court transferred to the Court of Appeals for the Sixth Circuit.  The

Sixth Circuit treated the petition as a motion to file a second or successive § 2255 petition and denied it on December 6, 2012.

On January 14, 2013, Mr. Hodge filed a habeas corpus petition in this Court, under 28 U.S.C. § 2241.  *Hodge v. Haynes*, 2:13-CV-5 DPM-BD (E.D.Ark. dismissed May 24, 2013).  In that petition, he complained that his pre-sentence report ("PSR") improperly included a charge of attempted second-degree murder from Van Buren County, Tennessee Case Number 1942F.  *Id*. at #1 at p. 1.  Mr. Hodge argued that the state charge was dismissed and the case expunged from his record, but that he nonetheless continued to suffer the consequences of an unjustified inclusion of  "7 points greatest severity in his prison record" because of the charge.  He complained that, as a result of the increased base-offense level in the PSR, he was deemed ineligible for transfer to a less restrictive BOP facility and for "various other privileges."  *Id*. at #1 at p. 2.

In response to the 2013 habeas petition, Warden Haynes argued that Mr. Hodge had failed to establish that 28 U.S.C. § 2255 was an inadequate remedy, a requirement for bringing a petition under 28 U.S.C. § 2241, and also that Mr. Hodge had no liberty interest in a particular security classification or placement in a particular correctional facility.  *Id*. at #7 at p. 3.

Judge Marshall dismissed the 2013 petition for lack of jurisdiction after considering this Court's Report and Recommendation ("RR"), *id*. at #8, and Mr. Hodge's objections that "clarified" his petition.  *Id*. at #10.  According to Mr. Hodge's objections

to the RR in the 2013 petition, his attempted second-degree murder charge was dismissed after the BOP designated him to a high-security BOP facility; thus, his "high-security" designation should have been changed.  Assuming the facts in Mr. Hodge's "clarified petition" to be true, Judge Marshall held that the petition would have been denied on the merits, even if it were not an improper successive petition.[1]  *Id*. at #11.

Mr. Hodge's pending petition restates the facts alleged in his 2013 petition and objections to the RR issued in that case.  (#1)  For the following reasons, Mr. Hodge's pending habeas petition should be DENIED and DISMISSED, without prejudice.

## III.  Discussion

Mr. Hodge claims the BOP is relying on inaccurate information to deny him access to programming opportunities, including participation in the Residential Drug Abuse Program, and transfer to a minimum security facility.  (#1, p. 2)  He claims a liberty interest, protected by the due process clause, in having Respondent use only accurate information in making programming decisions.  (#1, p. 3)  Mr. Hodge asks the Court to order Respondent to "cease and desist from utilizing the false information . . .".  (#1, p. 5)  In this petition Mr. Hodge clarifies that he is challenging the BOP's classification decisions, not his sentence.  Mr. Hodge is still not entitled to habeas corpus relief.

A writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and  . . . the traditional function of the writ is to secure release from illegal

---

[1] Mr. Hodge did not appeal the dismissal of the 2013 petition.

custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827 (1973).  A writ of habeas corpus is the appropriate remedy when a claim "goes directly to the constitutionality of physical confinement or the shortening of its duration." *Id*. at 489. On the other hand, "constitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside of that core." *Nelson v. Campbell*, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122 (2004); see also *Levi v. Ebbert*, 353 Fed. Appx. 681, 682 (3d Cir. 2009)(claims concerning the determination of a federal prisoner's custody level do not lie at the core of habeas corpus and are not cognizable in a § 2241 petition).

Federal courts, including the Supreme Court, have consistently held that inmates are not entitled to due process protections in relation to discretionary transfers between prison facilities.  See *Montayne v. Haymes*, 427 U.S. 236, 242–43, 96 S.Ct. 2543 (1978)(finding no constitutional right to be housed in a particular state prison); *Meachum v. Fano*, 427 U.S. 215, 224, 96 S.Ct. 2532 (1976)(holding that no due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a "grievous loss" upon the inmate). This means that prisoners have no inherent constitutional right to placement in any particular prison; to transfer to a particular prison; to a particular security classification; or to a specific housing assignment.  See *Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741 (1983)("Just as an inmate has no justifiable expectation that he will be

incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State.").

In addition, prisoners generally have no constitutionally protected liberty interest in their placement and classification while incarcerated. See *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274 (1976). Accordingly, Mr. Hodge's challenges to the BOP's programming decisions, to his classification, and to his institution designation are not issues that can be appropriately raised in a habeas corpus proceeding.

Even if Mr. Hodge's claims were the proper subject for habeas corpus relief, his petition would still fail. As explained in the order dismissing his 2013 petition, Mr. Hodge admitted that he used the .22 caliber rifle that he was convicted of unlawfully possessing to shoot a person in the head. *Hodge v. Haynes*, 2:13-CV-5 DPM-BD, docket entry #7-2, p. 7 (E.D.Ark. dismissed May 24, 2013). That conduct formed the basis of the disputed state charge of attempted second-degree murder. In addition, that admitted conduct qualified Mr. Hodge for the BOP classification he challenges, regardless of the disposition of the state attempted second-degree murder charge. *Id.* at #11. Accordingly, this petition should be dismissed with prejudice.

## IV. <u>Conclusion</u>

BOP officials determined Mr. Hodge's classification in an appropriate manner. In addition, Mr. Hodge fails to raise an issue that would entitle him to habeas corpus relief.

Accordingly, this Court recommends that Mr. Hodge's petition (#1) be DISMISSED, without prejudice.

      DATED this 23rd day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE